UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISNA SAM, | No. 2:18-cv-0991 AC P |
| Plaintiff, | |
| v. | ORDER |
| KIMBERLY DELACRUZ, | |
| Defendant. | |

Plaintiff, an inmate at San Joaquin County Jail ("SJCJ") proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, plaintiff's request to proceed in forma pauperis will be granted. However, plaintiff's complaint will be dismissed with leave to amend.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

   A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

   B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV. PLAINTIFF'S COMPLAINT

Plaintiff's complaint consists of a single claim which appears to allege deprivations of right under the Equal Protection Clause. See generally ECF No. 1 at 3. Plaintiff alleges that because of his disability, he has been assigned to the sheltered housing section of SJCJ for the duration of his sentence. As a result, he has not been able to participate in any programs like other inmates. The claim states verbatim and in its entirety:

> I have been denied equal opportunity to participate in any programs because I've been permanently housed in sheltered housing section at this facility for the duration of my sentence. I'm basically being forced into a situation because of my handicap to be denied some of my civil rights in accordance to ADA.

ECF No. 1 at 3.

Plaintiff seeks monetary compensation in the amount of $10,000.00. He also seeks injunctive relief which directs that prison programming be made available to him. See id.

V. LEGAL STANDARD

The Equal Protection Clause broadly requires the government to treat similarly situated people equally. Hartman v. California Dep't of Corr. and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013). To state an equal protection claim, typically a plaintiff must allege that "'defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class,'" such as a particular race or religion. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (internal quotation marks and citation omitted) (emphasis in original); see also Byrd v. Maricopa Cnty. Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (to state an equal protection claim, plaintiff

"must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent").

Disability is not a suspect class for Equal Protection purposes. Pierce v. County of Orange, 526 F.3d 1190, 1225 (9th Cir. 2008). Where the governmental classification does not involve a suspect or protected class, or impinge upon a fundamental right, the classification will not "'run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.'" Nurre v. Whitehead, 580 F.3d 1067, 1098 (9th Cir. 2009) (quoting Cent. State Univ. v. Am. Ass'n of Univ. Professors, 526 U.S. 124, 127-28 (1999)).

VI. DISCUSSION

A. The Equal Protection Claim Is Not Adequately Pleaded

Plaintiff's claim that he is being deprived of equal protection under the law as someone who has a disability is not cognizable on its face for a couple of reasons. First and foremost, although plaintiff names one Kimberly Delacruz as the sole defendant, he fails to identify who she is (i.e., whether she is a state actor) and how she personally participated in depriving him of his equal protection rights. The deprivation of a constitutional right by an individual acting under color of state law is essential to a Section 1983 claim. See West, 487 U.S. at 48; Ketchum, 811 F.2d at 1245. Moreover, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The claim is also not cognizable as currently presented because plaintiff's disabled status is not a suspect classification, and plaintiff has not presented facts demonstrating why he believes his placement in sheltered housing as a disabled person was not rationally related to a legitimate government interest. See generally Nurre, 580 F.3d at 1098. Furthermore, it is well-settled that inmates do not have a constitutional right to incarceration in a particular housing unit or to institutional programming. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-28 (1976); Baxter v. Palmigiano, 425 U.S. 308, 323 (1976) (stating Due Process Clause does not create liberty interest in not losing privileges and

California law has not created constitutionally protected liberty interest in hobbies or crafts); see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (stating no right to participation in rehabilitative programs while incarcerated).

Finally, prison officials have nearly unfettered discretion to move a prisoner within a prison for administrative or safety concerns, or for no reason at all. See generally Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (stating Due Process Clause imposes few restrictions on prison officials' use of legitimate administrative authority). As a result, without more facts related to why defendant Delacruz and/or other jail officials placed plaintiff in sheltered housing – facts which call into question whether the rational relationship standard can be met – this claim is not cognizable. Nevertheless, plaintiff will be given the opportunity to amend the complaint so that he may correct the deficiencies in it.

B. Americans With Disabilities Act

Plaintiff's allegations suggest that he may be attempting to assert a claim under Title II of the Americans with Disabilities Act. To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)). The Supreme Court has held that Title II of the ADA applies to state prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

Compensatory damages are available under the ADA where the failure to accommodate is the result of deliberate indifference. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001). The first element is satisfied when the public

entity has notice that an accommodation is required. Id. The second element is satisfied if the entity's "failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." Id.

ADA claims may not be brought against state officials in their individual capacities. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell, 303 F.3d at 1052); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). If plaintiff intends to assert an ADA claim, it must be stated against defendants in their official capacities.

## VII. OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of his original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

## VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint does not state a claim, partly because you have not provided enough information about the individuals who placed you in sheltered housing and how that placement ultimately prevented you from participating in SJCJ programming. The original complaint will not be served, but you are being given the chance to file an amended complaint.

An amended complaint should identify the individuals who place you in sheltered housing, the reasons for that placement, and the surrounding circumstances. You should clearly state whether your placement in sheltered housing was solely due to your disability, and whether nondisabled inmates were also placed in sheltered housing and deprived of programming. Those facts are necessary for the court to evaluate whether you can state an equal protection claim.

Because it seems that you may be trying to sue under the American with Disabilities Act, the court has also provided you with information about what facts you need to allege in order to state an ADA claim. If you do intend to bring an ADA claim, your amended complaint should set forth that claim separately from your constitutional claim and clearly identify it.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed April 24, 2018 (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint, filed April 23, 2018 (ECF No. 1), is DISMISSED with leave to amend, and

////
////
////
////

4. Within thirty days of the date of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute.

DATED: August 8, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE